## Rigony et al. *versus* County of Schuylkill.

1. Liability of a municipal corporation for non-repair of a bridge is legally consequent only upon a neglected duty to repair the bridge.

2. Where an Act of Assembly requires the townships and boroughs of Schuylkill county to keep in repair the county bridges within their limits; and a subsequent Act provides that if the borough auditors think that the cost of repairs to a bridge will exceed $20, they shall notify the county commissioners, who shall thereupon cause the repairs to be made at the expense of the county: *Held*, that both of the pre-requisites prescribed in the supplement must concur, before the county can be held liable for an accident due to want of repairs in a bridge.

3. If, however, there were obvious defects in the original structure, which the county negligently permitted to exist, the county would be liable for damages occurring by reason of such original defects.

April 18th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county:* Of July term 1883, No. 7.

Case, by Catherine Rigony, widow of James Whalen, deceased, and John Rigony, her husband, and John Whalen, Martin Whalen and Frank Whalen, minor children of James Whalen, against the county of Schuylkill, to recover damages

[Rigony v. County of Schuylkill.]

for the death of said James Whalen through the falling of a bridge in the borough of Gilberton, Schuylkill county, caused by the alleged negligence of defendant. Plea, not guilty.

On the trial, before BECHTEL, J., the following facts appeared: The bridge in question was an iron bridge, built in 1868 by the county of Schuylkill, crossing the Mahanoy creek on a public highway, in Gilberton township, and consisted of one span of iron from 60 to 80 feet in length. On May 19th 1877, the bridge fell while James Whalen was crossing it, and he was killed. According to the weight of the testimony, its original construction was safe and proper, but at the time of and for many months previous to the accident, owing to use and lapse of time, it had become out of repair. The braces were loose or broken, the arches were leaning out of their perpendicular position, the cross timbers upon which the bridge rested had rotted and the bolts which held the braces had become very loose.

By the Act of March 6th 1860, § 2 (P. L. 105), it is made the duty of the several townships and boroughs of Schuylkill county, in which any county bridge may be erected, to keep the same in repair at their own expense. By the supplemental Act of March 21st 1861 (P. L. 163), it is provided:

"That the provision of the second section of the Act to which this is a supplement, shall not be so construed as to require the several townships and boroughs in Schuylkill county, in which any county bridge or bridges are now or may hereafter be erected, to put and keep the same in repair, when, in the opinion of the Auditors of the township or borough in which such bridge is erected, the expense of repairing shall at any one time exceed the sum of twenty dollars; and if in the opinion of said Auditors the repairing of such bridge shall exceed the said sum of twenty dollars, they shall cause the same to be made known to the county commissioners, who shall forthwith cause the same to be done at the expense of the county."

No notification as to the condition of the bridge or the cost of the repairs was given by the Auditors of Gilberton township to the commissioners of Schuylkill county.

The plaintiff presented the following point:

1. That if the jury believes the bridge across the Mahanoy creek in said county, erected by the county of Schuylkill, broke down by reason of the bad or deficient construction of the same, either from insufficiency of the materials used in the same, or from insufficient staying of the arches, or by reason of the weight or length of the span being too great for the arches to bear, or from any cause growing out of insufficient or negligent construction, and the deceased, James Whalen, was killed while passing over the same, then the county is liable to the plaintiff, and the verdict should be in favor of the plaintiff.

[Rigony *v.* County of Schuylkill.]

Answer. We will answer this by repeating a part of what we said in our general charge, which is as follows : " It is the duty of the commissioners to see that the contract is of such a character and for such a bridge as to be adequate to the purposes for which it is erected, and furnish and afford to the public who are required to use it, and have a right to use it, a reasonably safe means of traveling along the public highway. If there was any defect in the original structure, if the bridge in question was not properly built, of proper material and of sufficient strength ; if the original structure was grossly and obviously defective in the work, and if such defects could be ascertained by the exercise of proper care and caution on the part of the county officials, and they failed to exercise such care, and thus neglected to properly protect the traveling public, we think their failure to use reasonable care and caution in the discharge of this duty would amount to negligence."

The court left to the jury the question whether the injury was caused by defects in the original structure of the bridge or from want of repairs, instructing them that in the former event the county would be liable, in the latter, the township. It further charged, in construing the Act of March 21st 1861, as follows :—" You will notice that, by this Act, it is made the duty of the county to repair, when, in the opinion of the Auditors of the township or borough in which said bridge is erected, the expense of repairing shall at any one time exceed the sum of $20. But when the Auditors of said township or borough shall be of such opinion, they shall cause the same to be made known to the county commissioners, who shall forthwith cause the same to be done at the expense of the county. It is after the commissioners have received such information from such auditors that they " shall forthwith cause the same to be done at the expense of the county." We think the primary liability to repair would still remain with the townships and boroughs until they shift it by the notice of the Auditors to the commissioners."

Verdict for the defendant and judgment thereon. The plaintiffs thereupon took this writ of error, assigning for error the answer to his point and the above instructions of the court.

*James Ryon,* for plaintiff in error.

*A. W. Schalck* (with whom was *J. F. Minogue*), for defendant in error.

The opinion of the court was delivered by Mr. Justice GREEN, October 1st 1883.

Under the Act of March 6th 1860 § 2, P. L. 105, we think it

clear that the borough of Giberton and not the county of Schuylkill was subject to the duty of keeping in repair the bridge in question in this case.  The Act of March 21st 1861, P. L. 163, restricted the generality of this duty, but in a very peculiar manner.  The Act provides that the Act of 1860, § 2, shall not be construed so as to require the townships and boroughs of the county to keep in repair county bridges erected therein, " when in the opinion of the Auditors of the townships or borough in which such bridge is erected, the expense of repairing shall at any one time exceed the sum of twenty dollars and if, in the opinion of said Auditors, the repairing of such bridge shall exceed the said sum of twenty dollars they shall cause the same to be made known to the county commissioners who shall forthwith cause the same to be done at the expense of the county."  It will be perceived that the duty of the county commissioners to make repairs to the bridges in question, arises under this Act, only where the township or borough Auditors are of opinion that the expense of repairing will, at any one time, exceed the sum of twenty dollars, and, when in addition to this, the Auditors shall have made that opinion known to the commissioners.  Both these pre-requisites must concur before the duty of repair comes into existence.  Whether this legislation is reasonable or unreasonable may perhaps be questionable, but is not material, since its validity and obligatory force do not depend upon that consideration.  It is the written law and the courts as well as the people are bound by it.  The commissioners are only required to act after they have been informed of the opinion of the Auditors.  It is not alleged, in the present case that any such information was ever communicated to the county commissioners, but the contrary is directly proved and not disputed.  Now liability for non-repair is legally consequent only upon a neglected duty to repair.  We said in Rapho v. Moore, 18 P. F. S. on p. 406 : " Without a duty of repair no liability rests on the municipality.  As a general proposition, but by no means universal, bridges are treated as portions of the highways which cross them, and are to be maintained by the same persons to whom the duty of repairing the highways is committed: Shear. & Red. on Negligence § 248.  In this state the duty is statutory, and therefore we must look to the statute for its nature and extent."

The learned court below left to the jury the question whether the injury of the plaintiffs was caused by defects in the original structure of the bridge, or from the failure to keep it in repair, directing that in the former event the county would be liable, in the latter not.  It seems to us this was as much as the plaintiff could ask, under the law, and as the jury has found for the defendant, we are bound to infer that the evi-

[Rigony v. County of Schuylkill.]

dence satisfied them that the accident, which resulted in Whalen's death, resulted from deficient repairs and not from defects in the original structure. There was abundant testimony in the case to justify such a verdict. Complaint is made of the language used by the court in stating the terms of the liability of the county for defects in the original structure. We do not think the charge is amenable to an allegation of error in the instructions on this subject. The judge said, "If there was any defect in the original structure, if the bridge in question was not properly built of proper material and of sufficient strength, if the original structure was grossly and obviously defective in the work, and such defects could be ascertained by the exercise of proper care and caution on the part of the county officials, and they failed to exercise such care and thus neglected to properly protect the traveling public, we think their failure to use reasonable care and caution in the discharge of this duty, would amount to negligence." Of course it is not claimed that there was error in saying that the accumulated force of all the enumerated derelictions would constitute negligence. Hence in literal strictness and in an affirmative sense this part of the charge was correct in the conclusion drawn from the premises stated. But the complaint is that the court overstated the conditions upon which liability would arise. In other words, that the learned judge held that all the defects stated must concur, in order to make out liability. This is not correct in fact. The one clause specially objected to is the following, "if the original structure was grossly and obviously defective in the work." It was not said that this and the other defects mentioned must be combined to impose liability. The other defects related to the manner or character of the structure itself, to the kind of material used and to its strength or weakness, while this was defect in the work. In the latter case if the defect was gross and obvious there would be neglect in not discovering it. It is true the several kinds of defects enumerated are not connected by the disjunctive conjunction, but it is also true they are not joined by the copulative. They are rather expressed independently of each other. As we read the charge it means that if there were gross and obvious defects in the work there would be liability, and there would also be liability if there was any defect in the original structure or if the bridge was not built of proper material having sufficient strength. The expression "grossly and obviously defective in the work," is precisely the same as was used by this court in the case of Mahanoy Township v. Scholly, 3 Norris on p. 140. It seems to us the defects in the work, which are not gross and obvious, are within the category of latent defects for which there is no liability, as was said in Rapho v. Moore, supra, where the original structure is being considered. Latent defects

[Boyer's Appeal.]

resulting from the decay of the material used, after long use, come within a different category and the omission to search for and discover them is evidence of negligence, properly chargeable however to those whose duty it is to repair.  We are of opinion that the learned judge carefully pointed out to the jury the proper distinctions affecting the liability of the county and the borough respectively, and that there was no error in his charge in the matters complained of.

Judgment affirmed.