## Scranton City, Appellant, v. Ansley.

*Municipalities—Sewers—Liens—Foot front rule—Classification of cities—Constitutional law—Acts of May 23, 1889, art. XIII, P. L. 277, and March 7, 1901, art. XX, P. L. 20.*

The city of Scranton which was shown to be a city of the second class by the census of 1900, is not authorized to assess property according to the foot front rule for the construction of a sewer as provided by the Act of May 23, 1889, art. XIII, P. L. 277, entitled "An Act providing for the incorporation and government of cities of the third class." Such authority is not found in the Act of March 7, 1901, art. XX, P. L. 20, entitled "An Act for the government of cities of the second class," and providing that "from and after the passage of this act all laws relating to cities of the third class shall continue to apply to cities of that class which have passed, or may pass into a city of the second class by reason of increase in population, except so far as such laws are supplied by, or in conflict with laws relating to cities of the second class." A construction of the act of 1901 which would authorize such an assessment, would bring the act into conflict with the constitutional restriction relating to local and special laws regulating the affairs of cities.

The effect and consequence of a proposed construction of a statute as well as its reason and spirit, are to be considered in determining its validity.

Argued Feb. 28, 1907. Appeal, No. 29, Jan. T., 1907, by plaintiff, from judgment of C. P. Lackawanna Co., Sept T., 1904, No. 337, for defendants non obstante veredicto in case of City of Scranton v. Mary C. Ansley and Joseph Ansley. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

134    SCRANTON CITY, Appellant, v. ANSLEY.

Statement of Facts—Opinion of the Court. [34 Pa. Superior Ct.

Scire facias sur municipal lien for a sewer.    Before NEW-
COMB, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non
obstante veredicto.

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*,
assistant city solicitor, for appellant, cited : Hand v. Fellows,
148 Pa. 456; Com. v. Moir, 199 Pa. 534; Scranton School
District's App., 113 Pa. 176.

*Edward W. Thayer*, for appellees, cited : Scranton School
District's Appeal, 113 Pa. 176; Ayar's App., 122 Pa. 266;
Com. v. Gilligan, 195 Pa. 504; Smith v. Railroad Company,
182 Pa. 139; Koontz v. Howsare, 100 Pa. 506; Whitmire v.
Muncy Creek Twp., 17 Pa. Superior Ct. 399.

OPINION BY PORTER, J., October 7, 1907 :

The city of Scranton, by an ordinance approved by the city
recorder on September 26, 1902, provided for the construction
of a sewer in Meridian street, in said city, and directed the di-.
rector of the department of public works to make an assessment
against the owners of. abutting property in accordance with the
foot-front rule.   The assessment was made as directed by said
ordinance and the city filed a lien against the abutting property
owned by the defendants.   A scire facias was issued upon this
lien and the appellees defended upon the ground that the city
was without legal authority to authorize the director of the de-
partment of public works to make an assessment upon the prop-
erty under the foot-front rule, and to file and enforce a lien for
the collection of said assessment.   The facts were undisputed
at the trial, and the court reserved the question of law as to
the right of the city of Scranton, being a city of the second
class, to make the assessment and file the lien under the provi-
sions of the Act of May 23, 1889, article XIII, P. L. 277, en-
titled " An act providing for the incorporation and government
of cities of the third class."   The court subsequently entered
judgment in favor of the defendants non obstante veredicto

upon the question of law reserved and the city appeals.   The sole question is whether the act of 1889, providing for the government of cities of the third class, is in force in the city of Scranton, which is, and from a time considerably prior to September, 1902, had been, a city of the second class.

The appellant, the city, asserts the right to make the assessment and proceed for the collection thereof in this manner by virtue of article XX of the Act of March 7, 1901, P. L. 20, entitled "An act for the. government of cities of the second class."   The provision of the statute thus relied upon is in. these words, viz.: "From and after the passage of this act, all laws relating to cities of the third class shall continue to apply to cities of that class which have passed or may pass into a city of the second class by reason of increase in population, except so far as such laws are supplied by, or in conflict with, laws relating to cities of the second class."   The defendants contend that the provision of the act of 1889 empowering councils to direct the city engineer to levy an assessment for the construction of a lateral sewer against abutting property according to the front-rule is, within the meaning of the provision of the act of March 7, 1901, above quoted, "supplied by" the Act of May 16, 1891, P. L. 75, authorizing the construction of sewers and the assessment of the cost thereof upon abutting property, according to benefits; which applies to cities of the second class as well as all other cities of the commonwealth, and that, therefore, the act of 1901 did not revive and extend the provisions of the act of 1889 to the city of Scranton.   They further contend that if this provision of the act of 1901 is to be construed as reviving and extending to the city of Scranton, a city of the second class, all the powers conferred upon cities of the third class by the act of 1889, then this provision of the statute produces local results and is obnoxious to the seventh section of the third article of the constitution, which prohibits the general assembly from passing any local or special law regulating the affairs of counties, cities, townships, wards, boroughs or school districts.

"It may be taken as settled law that in cases of this character the courts will look beyond the mere form of the act, and examine its true intent and effect, in the light of the purpose of the constitutional restrictions:" Commonwealth v. Gilligan,

195 Pa. 504. The effect and consequence of a proposed construction of a statute, as well as its reason and spirit, are to be considered in determining its validity: Whitmire v. Muncy Creek Twp., 17 Pa. Superior Ct. 399 ; Appeal of City of Scranton School District, 113 Pa. 176. Classification is the grouping together for the purposes of legislation of municipalities which, by reason of similar situation, circumstances, requirements and convenience, will have their public interests best subserved by similar regulations. The basis of the classification to which the statutes with which we are now dealing refer is population, the number of the inhabitants of the various cities of the commonwealth. The division of the cities of the state, for purposes of legislation, into three classes, determined by the number of their inhabitants, under the provisions of the act of 1874, was sustained by the Supreme Court, but a clear warning was given in Ayars' Appeal, 122 Pa. 266, that an increase in the number of classes would not be sustained. The act of 1874 designated cities of the third class as those containing less than 100,000 and exceeding 10,000 inhabitants, and cities of the second class as those containing less than 300,000 and exceeding 100,000 population. The city of Pittsburg was, at the time of the passage of that act, the only city of the second class. The census of 1890 disclosed that the city of Allegheny had a population exceeding 100,000 and that city passed from the third class into the second class. The census of 1900 established that the city of Scranton had over 100,000 inhabitants and it ceased to be a city of the third class and entered the second. There were at the time of the approval of the act of 1901 three cities of the second class, to no one of which at that date did the provision of the act of 1889, relating to cities of the third class and authorizing an assessment for the construction of a sewer according to the foot-front rule, apply. The city of Pittsburg never had been subject to the provisions of any of the statutes providing for the government of cities of the third class ; the city of Allegheny had been a city of the third class prior to 1890, and Scranton had been a city of the third class prior to the year 1901, but both of the latter cities had passed out of the third class and were no longer subject to the provisions of the legislation which invested cities of the third class with power to levy an assessment for the construction of a sewer according to

the foot-front rule.   The effect, therefore, of the above quoted
provision of the act of 1901, if it is to be construed as now con-
tended for by the city of Scranton, was to revive and extend
to that city all the powers and rights conferred by the act of
1889 upon cities of the third class, while withholding such
powers and rights from the city of Pittsburg, although both
cities were unquestionably within the same class.   Whether
such rights and powers were also denied to the city of Alle-
gheny it is not necessary to inquire; they certainly were not
granted to all the members of the class.   A statute relating to
the government of cities of a given class is a general act, al-
though it applies only to a city while it is in the class.   We
are not dealing with the question of whether a local or special
law is repealed by a later general law with which it comes into
conflict, nor are we dealing with the form of the municipal
government, the number and character of its officers; this is a
question of a power to tax in a particular manner.   The act of
1901 is a statute for the government of cities of the second
class, and, while dealing with them as a class, the article above
quoted attempts to confer, upon some members of the class,
powers and privileges which it withholds from other members
of the same class.   That statute made no change in the classi-
fication of cities as fixed by the act of 1874 and the Act of 1889,
P. L. 133, but the provisions in question certainly discriminated
between members of the same class.   If such a discrimination
is valid then we would have in addition to the three classes of
cities established by the Act of May 8, 1889, P. L. 133, an ad-
ditional class composed of those cities of the second class which
have at some time since the year 1874 been members of the
third class.   "Instead of one form of municipal government
for all cities of the commonwealth we have now three forms,
one for each class, and to the form so provided every member
of each class must conform.   A reason for this is found in the
fact that since 1874 local legislation regulating the affairs of a
city is forbidden by the constitution, so that legislation for that
purpose can be had only for a class, and must be applicable to
every member of the class:" Commonwealth ex rel. McKirdy
v. Macferron, 152 Pa. 244; Commonwealth v. Wyman, 137 Pa.
508.   We are of opinion that the provision of the act of 1901,
above quoted, cannot, without bringing it into conflict with the

constitutional restriction, be given the construction contended for by the appellant, and made to clothe the city of Scranton with power to assess the cost of a sewer upon abutting property according to the foot-front rule.

The judgment is affirmed.