## Case v. Lehigh Coal & Navigation Company, Appellant.

*Negligence—Master and servant—Defective appliance—Patent
defect—Trials—Instruction to jury—Harmless error.*

1. If a structural defect in an appliance shows exterior signs
which render it ascertainable by reasonable inspection it is to all
intents and purposes patent and the rule applicable to that class of
defects governs.

2. In an action to recover damages for injuries sustained by
plaintiff, an employee of defendant, in consequence of the breaking
of a chain causing a load to fall upon and crush his fingers, where
there was evidence that the broken link had not been properly
welded, and that the imperfect welding thereof would have been
discovered by a proper inspection, it is not error for the court to
affirm a point to the effect that such a fault "as testified by the
plaintiff and his witnesses existed" was a "structural defect of
which the employer is presumed to have knowledge."

3. In such case an erroneous charge that the work at which
plaintiff was employed demanded "special" or "more than ordi-
nary" care on the part of the defendant as to inspection was held
not to be reversible error, where the defendant did not contend or
endeavor to show that it had made any inspection whatever, but
rested its defense upon the alleged contributory negligence of
plaintiff, and other grounds.

Argued Feb. 15, 1915.    Appeal, No. 179, Jan. T., 1914,
by defendant, from judgment of C. P. Schuylkill Co.,
Nov. T., 1912, No. 178, on verdict for plaintiff, in case of
George W. Case v. the Lehigh Coal and Navigation Com-
pany.    Before BROWN, C. J., MESTREZAT, ELKIN, STEW-
ART and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries.
Before KOCH, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,195 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points and instructions to the jury.

*Geo. M. Roads,* for appellant.

*R. J. Graeff* and *Roscoe R. Koch,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 29, 1915:

George W. Case, an employee of the defendant company, recovered a verdict for personal injuries; judgment was entered thereon, and the defendant has appealed.

Case was engaged at work with a number of other men, when a chain furnished by the defendant gave way under a load of between three and four tons, and as a consequence the plaintiff's right hand was crushed, causing him to lose two fingers. The evidence was sufficient to show that the link which broke had a defect in it which could have been discovered by the exercise of proper care on the part of the defendant; both the defendant's negligence and the plaintiff's alleged contributory negligence were issues for the jury, but the question is: was reversible error committed in the course of their submission.

The first assignment complains of the affirmance of one of the plaintiff's points. The broken link was produced in court, and an expert testified that it had not been properly welded, further, that certain signs on the exterior of the link indicated imperfect welding, and that the real fault would have been fully disclosed by due inspection and tests before the time of the accident; on this testimony, the trial judge affirmed a point to the effect that such a fault "as testified by the plaintiff and

his witnesses existed" was a "structural defect of which the employer is presumed to have knowledge." If a defect shows exterior signs which render it ascertainable by reasonable inspection, it is to all intents and purposes patent, and the rule applicable to that class of defects governs (see Stine v. Morgan Smith Co., 219 Pa. 145, 148; Finnerty v. Burnham, 205 Pa. 305, 307). Here, if the fault in the link was of a kind that was "ascertainable by the exercise of reasonable and proper inspection," that is, other than of "a latent character...... not discoverable by a reasonable and proper inspection" (the tests stated by the trial judge in his general charge and in his answer to another of plaintiff's points), then, it was a structural defect of which the employer would be presumed to have knowledge, and no error was committed in so saying. The point in question was not well drawn, but in view of the correct instructions in the general charge and the subsequent answer to the other point, before referred to, we do not conceive that it could have misled the jury in any way.

Only one remaining assignment calls for special consideration—as to the others, it is sufficient to say that none of them presents reversible error; but before passing to the one assignment which requires discussion, we note that, when the testimony given by the plaintiff's expert is considered as a whole, it is plain he intended to convey to the jury his opinion that a reasonable examination of the chain, prior to the accident, by a qualified inspector, would have shown the defect which caused the link to break; and the fact that abstracts from this testimony furnished material for an argument that parts of it were to the contrary, can be of no avail to the appellant, particularly when the last words of the witness fully support the contention of the appellee (see Parker v. Matheson Motor Car Co., 241 Pa. 461, 467-8). Moreover, the testimony is perfectly reconcilable—it appears the endeavor of the witness was to convey the thought that certain marks, pointed out

by him on the exterior of the link, indicated defective welding, and that, if proper tests had been applied, either by annealing or by subjecting the chain to heavy weights, the defective part would have opened up and demonstrated the weakness of the link. In the witness's effort to express his full idea he at times talked about original inspection, and at other times he referred to tests which should have followed such inspection, and the two became somewhat confused; but he plainly stated, more than once, that certain little points on the outside of the link were sufficient to indicate defective welding, further, that these marks could have been discovered before the accident on a visual examination by a competent inspector, and this was the last thing stated by the witness.

It was proper for the court to tell the jury that the use of a magnifying glass by the plaintiff's expert was due to his bad eyesight, and to warn them against the notion that the defendant was under an obligation to have its chains examined under such a glass; this is practically all the trial judge did. Again, it was proper for the court to inform the jury that the "inconvenience" which the plaintiff had suffered and would suffer in the future, should be considered by them in estimating the damages (see McLaughlin v. Corry City, 77 Pa. 109-113; Hitz v. Pittsburgh & Butler St. Ry. Co., 245 Pa. 7, 9). Finally, the evidence relied upon to prove loss of earning power and the manner of the submission of that issue to the jury meet our requirements; we have discussed this subject in several recent cases, and it would serve no useful purpose to go over the ground again at this time (among others, see Bockelcamp v. Lackawanna & Wyoming Valley R. R. Co., 232 Pa. 66, 71; Helmstetter v. Pittsburgh Railways Co., 243 Pa. 422, 426, and cases there cited).

The remaining assignment which requires attention complains that the trial judge laid down too high a standard of care in affirming one of the plaintiff's re-

quests; this point stated that the character of work at which the plaintiff was employed demanded "special" or "more than ordinary" care on the part of the defendant. In passing upon this alleged error, we must keep in mind the fact that the care in question concerned the duty of the defendant properly to inspect the chain before giving that appliance to its employees for use in the work upon which they were engaged. The trial judge says, in his opinion refusing a new trial, that he saw and examined the broken link, which was produced in court, and that on the "outer sides along the edges of the scarf or parts supposed to have been welded there were clear lines of demarkation visible, showing imperfect welding of the link before it parted"; he adds, "It must be concluded, in the light of all the evidence, that the link had a structural defect, and it may be clearly inferred also that inspection by a competent person would have disclosed that the chain was not reasonably safe for the great weight that it was to carry. The defendant offered no evidence in the case, and plaintiff's evidence justified the inference that the defendant had failed to make any inspection." So far as the record shows, the defense at trial did not rest upon any claim, or effort to prove, that the defendant had, in fact, made an inspection or test of the chain prior to the accident—it rested upon allegations of contributory negligence and other grounds; this being the case, and the verdict being for the plaintiff, we must view the evidence and draw all inferences in the way that makes most favorably for him. When the record is looked at from the standpoint just indicated, the conclusion is inevitable that the verdict comprehends a finding that the defendant failed to make any inspection of the chain; therefore, even though the trial judge stated too high a standard of care in affirming the point called to our attention, yet, this did not constitute reversible error. In other words, the lack of care covered by the point concerned the kind of inspection which the defendant should have made; had

the defendant contended that it made an inspection of some kind, and the issue was as to its sufficiency, then, the standard laid down by the court, in affirming the point, would have been harmful error; but, since the defendant did not contend or endeavor to show that it had made any inspection whatever, there was no necessity for measuring standards of care, and we must assume that the jurors, in their deliberations, never reached that question; hence, the fact that the trial judge, after stating the proper standard in his general charge, gave voice to an improper one in affirming the point complained of, could not have materially harmed the defendant. In this case, as in all others of its class, the employer was obliged to furnish his employee "reasonably safe tools with which to work" (Powell v. American Sheet & Tin Plate Co., 216 Pa. 618), and the law required him to use such care as the ordinarily careful man would have employed under the special circumstances, by inspection or tests, in order properly to fulfil this duty; it was error for the court to affirm language that suggested a higher or different standard of care, and, were it not for the fact that it plainly appears this error could have done the defendant no material harm, we would unhesitatingly reverse. Under the peculiar circumstances at bar, however, we conclude that no reversible error has been shown (see McKee v. Crucible Steel Co., 213 Pa. 333, 337).

The assignments are overruled and the judgment is affirmed.