Branch Storage Co., Appellant, *v.* County of Bucks.

Argued November 17, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunning-ham, Baldrige and Whitmore, JJ.

*Thomas Ross,* for appellant.

*Henry A. James,* for appellee.

OPINION BY TREXLER, P. J., January 30, 1931:

On May 6, 1926, employees of the plaintiff company were hauling a load of household goods over what was known as the Finland wooden covered bridge in the County of Bucks. Plaintiff had delivered a load in the morning across the same bridge and in the afternoon, when driving with the second load the floor of the bridge gave way and the truck fell through until the rear end rested on the bottom of the creek. After the plaintiff submitted his testimony, the court entered a nonsuit and the first question is whether the court's refusal to take it off should be affirmed.

The only evidence as to the condition of the bridge was that when the accident occurred, the timber girders of the bridge were broken, "right in the middle, entirely off and clean through, a rather clean break." "The lumber was brittle, evidently from age." There was a witness who testified that the broken timbers were apparently dry and very brittle although he could see no decay in them to any extent. "The ends, as I remember it, that was broken off would show dust parts, I don't know whether it was decay or not." There was some evidence that some iron trusses at the bottom of the bridge did not extend to the full length of the bridge and that there was no iron truss at the place where the truck broke through. This was in substance all the testimony which the

plaintiff produced in regard to the condition of the bridge. The parties in charge of the truck examined the bridge before they crossed it, and everything seemed all right.

There is no doubt that important duties devolve upon the Commissioners of a county in the care of its bridges. Such structures should be inspected from time to time and should be kept safe as far as possible. The courts have gone far in defining what the duties are in regard to bridges. In Humphreys v. Armstrong, 56 Pa. 204, the Supreme Court said, "It was the duty of the Commissioners to have examined the bridge thoroughly and to make a thorough repair so as to render the bridge perfectly safe, or to close it up so as to prevent the public using a dangerous part of the highway." In that case, after the attention of the commissioners was called to the unsafe condition of the county bridge, it was held it was their duty to examine and repair it. County commissioners should employ qualified persons to inspect the structures committed to their care so that their strength may be determined. Travers v. Delaware County, 280 Pa. 335. "When defects are brought to their attention, necessary changes must be made, and the highway closed in the meantime if there is apparent danger." "If the defects are observable by reason of exterior marks, steps must be taken immediately to protect the traveling public: Case v. Lehigh C. & N. Co., 248 Pa. 598. On the other hand, if the flaw is hidden, and is not obvious (Rigony v. Schuylkill Co., 103 Pa. 382), the measure of care required is that which ordinarily prudent men would be expected to exercise in the management of their own affairs. When the accident is the result of a latent fracture, in a lawful structure, the county is not to be held liable, unless the officers had actual notice of

the threatened danger, and made no effort to prevent injury: Childs v. Crawford Co., 176 Pa. 139.''

"To recover damages in cases of this character, it is necessary that lack of due precaution for the protection of the public shall be established by the testimony.'' Freedom Oil Works Co. v. Beaver Co., 298 Pa. 174. Applying these principles to the case before us, we think there is an utter lack of evidence to hold the commissioners. There was no attempt made to show that the condition of the timbers could have been ascertained by competent inspection and liability attached as a result. Knopf v. Delaware County, 292 Pa. 237.

It must be presumed that the timbers after the accident did not disclose such a condition, as was ascertainable by proper inspection, or the plaintiff would have produced evidence to bear out that assumption. The fact that the truck fell through the bridge does not in itself fix liability on the county, it is not a case of res ipsa loquitur. The fact that the metal rods which were used under the bridge for certain portion of it were not used at the place where the truck fell through does not support the charge of negligence. There was no testimony as to the varying strain which was placed upon this floor. The rods may have been put at portions of the bridge because the strain there was greater than at the place where the rods were omitted. The mere absence of the iron rods does not in itself prove negligence.

The plaintiff urges that the court committed error in the exclusion of testimony. It called the clerk of the county commissioners and asked him to read the record of the Finland bridge. The proposition was to show that it was a county bridge, showing in what year it was built, the materials entering into it, the number of spans, the time and condition of the floor and the abutments, the materials in the abutments,

and wing walls and coping, and whether or not there is any record of repairs or rebuilding of it. Defendant admitted it was a county bridge, so that part of the proposition fell. The court excluded the testimony stating, "regardless of when this bridge was built, the only thing with which we would be concerned *at this time* would be its actual physical condition at the time the accident occurred." We think there was no error in that. The court, in its opinion denying the motion to strike off the nonsuit states, "As we viewed it at the time of the trial, when the bridge may have been built, standing by itself, is immaterial; as to the material and condition of the bridge, that would be material only as to such things at the time of the accident and of this the commissioner's record would not be the best evidence. Had defects been shown to exist or a question of notice been raised, these records might have been competent, but as offered we did not view them as competent or material nor do we now consider that they would be either competent or material."

If the plaintiff had followed the court's suggestion and offered proof as to the condition of the bridge at the time of the accident, there might have arisen a controversy as to matters which might have rendered the records of the county commissioners admissible, but we think at the stage of the trial when the offer was made, the court committed no error in excluding it, using the words "at this time," evidently indicating that it might become admissible later.

The judgment is affirmed.