## Stine v. S. Morgan Smith Company, Appellant.

219    145<br>220    ¹219

*Negligence—Master and servant—Contributory negligence—Unsafe appliance—Evidence—Case for jury.*

In an action by a moulder in a foundry against his employer to recover damages for personal injuries, it appeared that the plaintiff at the time of the accident was smoothing with a stick a sand bed, over which there was suspended, about two feet from it, a flask weighing several thousand pounds. In smoothing the bed he put his hand and part of his arm under the flask, and, as he was withdrawing it, the flask fell and crushed it. The flask was suspended by a cable fastened to a crane. The falling of the flask was due to the pulling out of the end of the cable fastened to the crane, and called the dead end. This dead end, after it had pulled out, presented a smooth and straight appearance. It was shown that before the accident its wires stuck straight up above the cone, and were not bent over it to make the fastening more secure, and it appeared from the testimony of an expert, that the proper and safe way of fastening the cable was to bend the ends of the wires over the cone, hammer them down, and fill the cone with material by a process

known as babbitting, and that when the dead end was so fastened it was impossible for it to pull out. Plaintiff testified that he was doing the work under instructions and in the manner which was customary, that he had no warning of danger, and that he did not think he was in danger in doing the work in the manner which he adopted. *Held*, that the question of the defendant's negligence and plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Under the facts as proved by the plaintiff's witnesses the rule was recognized that an employer is presumed to have knowledge of structural defects in the machinery or appliances furnished by him to his workmen.

Argued May 23, 1907. Appeal, No. 191, Jan. T., 1907, by defendant, from judgment of C. P. York Co., Oct. T., 1906, No. 48, on verdict for plaintiff in case of Paul Wesley Stine v. S. Morgan Smith Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BITTENGER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*James St. Clair McCall*, for appellant, cited as to the question of defendant's negligence: Wojciechowski v. Spreckles' Sugar Refining Co., 177 Pa. 57; Stearns v. Spinning Co., 184 Pa. 519; Cunningham v. Bridge Works, 197 Pa. 625; Augerstein v. Jones, 139 Pa. 183; Simpson v. Pittsburg Locomotive Works, 139 Pa. 245; Titus v. Bradford, etc., Railroad Co., 136 Pa. 618; Keenan v. Waters, 181 Pa. 247; Service v. Shoneman, 196 Pa. 63; Anderson v. Hays Mfg. Co., 207 Pa. 106; Allison Mfg. Co. v. McCormick, 118 Pa. 519; Texas & P. R. R. Co. v. Barrett, 166 U. S. 617 (17 Sup. Ct. Repr. 707); Burns v. New York, P. & B. R. R. Co., 20 R. I. 789 (38 Atl. Repr. 926); Reynolds v. Merchants' Woolen Co., 168 Mass. 501 (47 N. E. Repr. 406); Bradbury v. Kingston Coal Co., 157 Pa. 231; Augerstein v. Jones, 139 Pa. 183.

Cited as to contributory negligence of plaintiff: Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; O'Keefe v. Thorn, 24 W. N. C. 379; Eisenberg v. Fraim, 215 Pa. 570; R. R. Co. v. McClurg, 56 Pa. 294; Bellows v. Canal & R. R. Co., 157 Pa. 51; Fulford v. R. R. Co., 185 Pa. 329; Fletcher v. Traction Co., 190 Pa. 117; Kinney v. Corbin, 132 Pa. 341; Zurn v. Tetlow, 134 Pa. 213; Mulherrin v. R. R. Co., 81 Pa. 366; Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620; New York, etc., R. R. Co. v. Lyons, 119 Pa. 324; Betz v. Winter, 195 Pa. 346.

*Henry C. Niles*, with him *George E. Neff*, for appellee, cited as to negligence: Raymer v. Standard Steel Works, 216 Pa. 101; McGeehan v. Hughes, 217 Pa. 121.

Cited as to contributory negligence: Penna. R. R. Co. v. Zink, 126 Pa. 288; Hammer v. Pressed Steel Car Co., 204 Pa. 594; Cougle v. McKee, 151 Pa. 602; Howett v. R. R. Co., 166 Pa. 607; Iseminger v. York Haven Water and Power Co., 206 Pa. 591; Farr v. P. & R. Ry. Co., 24 Pa. Superior Ct. 332.

OPINION BY MR. JUSTICE BROWN, October 21, 1907:

The appellee is a moulder and at the time he was injured was in the employ of the appellant. He was smoothing with a stick a sand bed, over which there was suspended, about two feet from it, a flask weighing 4,190 pounds. In smoothing the bed he put his hand and part of his arm under the flask, and, as he was withdrawing his hand, the flask fell, crushing it and causing the injuries for which compensation is sought in this suit. On the trial the court was asked to direct a verdict for the defendant, for the reason that there was no proof of its negligence, and, even if it had been negligent, the plaintiff had voluntarily assumed a known risk and been guilty of contributory negligence. Under all the evidence, the jury might have found for the defendant, but, in view of what was proved by plaintiff and his witnesses, to have directed them to do so would have been palpable error. The learned trial judge could not have affirmed defendant's sixteenth and seventeenth points or sustained its motion for judgment non obstante veredicto.

The flask containing the iron and other material for the casting was suspended over the sand bed by a cable fastened to a crane. It is clear from the evidence that the falling of the flask was due to the pulling out of the dead end of the cable—the end fastened to the crane—and so called because "it is fastened in practically at a position where it is not called upon to do any work." The dead end of this cable, after it had pulled out, presented a smooth and straight appearance, indicating that it had slipped out of the cone at the crane. It was shown by a witness, who saw the dead end in place before the accident, that its wires stuck straight up above the cone and were not bent over it to make the fastening more secure, and, by the testimony of an expert, it appeared that the proper and safe way of fastening the cable was to bend the ends of the wires over the cone, hammer them down and fill the cone with material by a process known as babbitting, and that when the dead end was so fastened it was impossible for it to pull out. This was substantial testimony of the defendant's negligence in the construction and maintenance of its machine, used by its employee in raising and lowering the flask under which he was smoothing the sand, and for the consequences of such negligence an employer is liable, for he is presumed to have knowledge of structural defects in the machinery or appliances furnished by him to his workmen: Finnerty v. Burnham, 205 Pa. 305. Shipley, an expert called by the defendant, admitted on his cross-examination that with the dead end of a cable properly fastened it is impossible to pull it out of the socket, as the cable would first break under too great a strain.

On the question of the contributory negligence of the appellee the jury fairly found against the appellant. He had a right to believe that his employer had properly fastened the end of the cable to the crane, and he testifies that, under such a belief, he put his hand under the weight; that in leveling the sand bed under the suspended flask he was doing the work in accordance with the instructions in the shop; that he was doing it in the manner in which he had been shown that it should be done; that he was doing it in the manner which was customary, not only at that crane, by himself and others, but at other cranes in the foundry; that he did not think he was

in danger in doing so ; that he had never been warned that the work as he was doing it was dangerous, and that he had never heard anybody else warned as to its being dangerous. In some of these statements he is corroborated by others. From this epitome of his testimony the question of his contributory negligence was as clearly for the jury as was that of the negligence of the defendant.

In no one of the nineteen assignments complaining of the admission and rejection of evidence, of answers to points, and of portions of the charge, has any error been pointed out. The two questions of fact, the negligence of the appellant and the contributory negligence of the appellee, went to the jury under proper rulings and instructions, and the judgment is affirmed.