## Sack, Appellant, v. Ralston.

*Negligence—Elevators—Latent defect—Notice.*

An owner of a building cannot be held liable for personal injuries sustained by the fall of an elevator, where it appears that the accident was due to a latent defect in a bolt, that the bolt had been made by a machine blacksmith of thirty years' experience, that it had been placed in the elevator a month before the accident in the course of repairs by a man with fourteen years' experience in the elevator business, and that after the repairs had been made the elevator was inspected and passed by a casualty company, and by the department of public safety of the city in which the building was situated.

Argued Jan. 9, 1908. Appeal, No. 349, Jan. T., 1907, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1903, No. 720, on verdict for defendant in case of William P. Sack v. Robert Ralston. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.  Before
Von Moschzisker, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were various instructions.

*Henry J. Scott,* for appellant, cited : McKee v. Bidwell, 74
Pa. 218 ; Greis v. Hazard Mfg. Co., 209 Pa. 276 ; Kitchen v.
Riter Conley Mfg. Co., 207 Pa. 558 ; Lillie v. American Car
& Foundry Co., 209 Pa. 161 ; Finnerty v. Burnham, 205 Pa.
305 ; Lininger v. Westinghouse Air Brake Co., 210 Pa. 62.

*H. J. Rebman,* with him *James G. Gordon,* for appellee, cited :
Philadelphia, etc., R. R. Co. v. Keenan, 103 Pa. 124 ; Ardesco
Oil Co. v. Gilson, 63 Pa. 146 ; Meany v. Abbott, 6 Phila. 256 ;
Walden v. Finch, 70 Pa. 460 ; Walton v. Bryn Mawr Hotel
Co., 160 Pa. 3 ; Anderson v. Hays Mfg. Co., 207 Pa. 106 ; Mc-
Neil Bros. Co. v. Crucible Steel Co., 207 Pa. 493 ; McClain v.
Henderson, 187 Pa. 283 ; O'Dowd v. Burnham, 19 Pa. Supe-
rior Ct. 464 ; Kitchen v. Riter Conley Mfg. Co., 207 Pa. 558 ;
Titus v. Bradford, etc., R. R. Co., 136 Pa. 618 ; Wannamaker
et al. v. Burke, 111 Pa. 423 ; Service v. Shoneman, 196 Pa. 63.

Opinion by Mr. Justice Brown, March 2, 1908 :

The appellant, a drayman in the employ of wholesale deal-
ers in groceries, was injured by the fall of an open platform
elevator on the premises of the appellee, a grocer, to whom he
was delivering bags of sugar.  He had placed three bags upon
it, weighing 100 pounds each, and, as he dumped a fourth, of
the same weight, upon it, it suddenly gave way and dropped
to the cellar.  He had used this elevator nearly every week
for two or three years before the accident in delivering goods
to the appellee, and, on the day it gave way, it was apparently
in the same condition it had been in during that entire period.
He had at times put on it 1,500 pounds.  When it dropped,
the weight on it was that of his own body and the 400 pounds
of sugar.  This was the whole of plaintiff's case when he closed.
There was nothing before the jury to explain the cause of the
fall of the elevator.  There was no evidence of any negligence

on the part of the defendant. The only thing that the jury knew was that an accident had happened, and a motion for a nonsuit was very properly made. The only reasonable explanation for its withdrawal by the learned counsel who made it is that he wished to affirmatively prove what he was not called upon to do, that his client had not only not been negligent, but had done everything he ought to have done to make the elevator safe.

One of the first things shown by the defendant was the cause of the fall of the elevator. It was due to the breaking of a bolt, fourteen or fifteen inches in length, running through a wooden crossbeam on the top of the elevator, to which the cables were attached. This bolt had broken at about the middle, where it was entirely concealed by the wood. Upon an examination of the broken parts, after the accident, the breaking was found to be due to a latent defect which could not have been known to the defendant. This defect, according to the testimony of the man at whose factory the bolt had been made, was an imperfect weld, caused by some foreign substance which had adhered to the inside of the iron. He further testified that it was most unusual to find such a defect. The bolt had been furnished to an elevator company by the factory, in which a machine blacksmith of thirty years' experience had it made. About a month before the accident the elevator was repaired by this elevator company, which had been in business for eight or nine years. A member of it, with fourteen years' experience in the business, made the repairs and inserted the bolt. After the repairs had been made the elevator was inspected and passed by a casualty company and by the department of public safety of the city of Philadelphia, which issued a certificate to the elevator company that " the repairs and additions recently completed by you on a hand elevator in premises northeast corner of Thirteenth and Girard avenue have been inspected and found to comply with the law. Said repairs and additions are hereby approved." After this approval of the repairs made to the elevator, it was put in operation, carrying, as stated, as high as 1,500 pounds. Under this uncontradicted state of facts the defendant was cleared of even the suspicion of negligence.

On this appeal a reason given why there should be a recovery

is that the defect, which the defendant discovered after the accident, was a structural one, and, therefore, he is presumed to have had notice of it in this action by one who, at the time of the accident, must be regarded as an employee. In support of this there is quoted, with printed emphasis, what we said in Finnerty v. Burnham, 205 Pa. 305 : "Where the defect through which the injury occurs is in the original construction of the appliance or instrumentality, notice thereof to the master is unnecessary. In case of structural defects, knowledge thereof by the master will be inferred." The rule of constructive notice to an employer was applied in that case because the facts called for it, the defect having been a patent one. The case was submitted to the jury under instructions that the plaintiff could not recover unless he had shown that the chain " was defective when it was applied; and, further, that the defect was apparent when it was supplied." In affirming the judgment on the verdict we did so because the jury had found that the chain, the breaking of which had caused the death of plaintiff's husband, " was defective in its original construction, and that the defect was apparent when it was purchased by the defendants." And so in the late case of Stine v. S. Morgan Smith Company, 219 Pa. 145, the rule of constructive notice to the employer was applied because the defect was a patent one. To a latent defect, such as the one in this case, from which, as from all other latent defects, the defendant was fully justified in believing his elevator was free, after its repair by competent workmen and its inspection by a casualty company and official inspectors, the rule can have no application. The case ought to have been taken from the jury, and the assignments of error, complaining of what was said in submitting it to them, are all overruled.

Judgment affirmed.