206       7
34 SC 228

# Smith v. Muncy Creek Township, Appellant.

*Bridges—Repair of bridges—Counties—Townships—Acts of April* 13, 1843, *P. L.* 221, *March* 30, 1859, *P. L.* 309, *and March* 12, 1860, *P. L.* 144.

The special Act of March 30, 1859, P. L. 309, extended by the Act of March 12, 1860, P. L. 144, to Lycoming county, makes it the duty of supervisors and street commissioners in that county to keep in repair all bridges built by the county.

Township supervisors are not agents of the county commissioners in making repairs to a county bridge, and the duty of repairing and consequently of inspecting is primarily on the township.

*Negligence—Township—Defective bridge.*

Township supervisors owe a duty of inspection to bridges under their control, and deterioration of the timbers of a bridge should have been known to the supervisors where it appears that the floor timbers of a bridge had not been renewed for fifty-five years.

*Negligence—Townships—Defective bridge—Traction engines.*

Township supervisors having knowledge that the use of traction engines in the township had become general and that their transportation had been for many years an ordinary use of the roads of the township, should provide against dangers from this ordinary and reasonable use of the township bridges.

*Negligence—Extent of injuries—Question for jury.*

In an action to recover for personal injuries received by the fireman of a traction engine, caused by the engine breaking through a bridge and precipitating itself and him into a stream some distance below, the questions as to whether or not hemorrhages of the stomach, with which he suffered three months after the accident, and his physical condition at the time of the trial, were the direct consequences of his injuries by the accident, are for the jury.

Argued March 17, 1903. Appeal, No. 286, Jan. T., 1902, by defendant, from judgment of C. P. Lycoming Co., June T., 1900, No. 52, on verdict for plaintiff in case of Harry M. Smith v. Muncy Creek Township. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLURE, P. J., of the 17th judicial district, specially presiding.

From the record it appeared that the plaintiff was the fireman on a traction engine and while it was crossing a bridge over Little Muncy creek in Muncy Creek township, Lycoming county, the bridge floor broke through and the engine was precipitated into the water of the stream below, the plaintiff falling with it. No physician attended the plaintiff until three months after the accident when he was seized with a violent hemorrhage of the stomach, which physicians, called at the trial, attributed to the result of the accident. The further facts appear by the opinion of the Supreme Court.

Verdict and judgment for the plaintiff for $7,218. Defendant appealed.

*Errors assigned* were various rulings of the court upon the question of the liability of the defendant for the injuries of the plaintiff; and in submitting to the jury the question as to whether the physical conditions of the plaintiff resulted from the accident.

*Robert K. Reeder,* with him *W. C. Gilmore,* for appellant. —A township is not bound to keep a county bridge in repair for the safe passage of heavy traction engines: Act of April 13, 1843, P. L. 221; Act of March 30, 1859, P. L. 309; Act of March 12, 1860, P. L. 144.

The bridge having been originally constructed by the county in a defective manner, thus causing the injury, the township is not liable: Rigony v. County of Schuylkill, 103 Pa. 382.

*N. M. Edwards,* with him *G. B. M. Metzger* and *C. E. Sprout,* for appellee.—The obligation of keeping the township bridge in question in repair was upon the township and not upon the county: Whitmire v. Muncy Creek Township, 17 Pa. Superior Ct. 399.

In order to fix liability for neglect to repair, the question is, whose is the duty to repair, not, who is finally liable for the costs of the repairs: Township of Newlin v. Davis, 77 Pa. 317.

OPINION BY MR. JUSTICE FELL, May 4, 1903:

The bridge that broke under the weight of the traction engine on which the plaintiff was riding was built by the county commissioners in 1844, and from that time to the time of the accident in 1899, the floor timbers had not been renewed nor inspected by boring. The main question of law at the trial was whether the township was liable for the failure of its supervisors to keep a county bridge in repair. The Act of April 13, 1843, P. L. 221, relieves townships from the duty of making ordinary repairs to county bridges, and imposed the duty on the county commissioners, except in certain counties which were exempted from the operation of the act, among which was Washington county. By the Act of April 26, 1850, P. L. 615, the provisions of the act of 1843 were extended to Washington county. The special Act of March 30,

1859, P. L. 309, relating to Washington county, was extended by the Act of March 12, 1860, P. L. 144, to Lycoming county, and made it the duty of supervisors and street commissioners to keep in repair all bridges built by the county.    In a recent case, Whitmire v. Township of Muncy Creek, 17 Pa. Superior Ct. 399, which grew out of the same accident as that in which the plaintiff was injured, the sixth section of the act of 1859 was construed, and it was held that the township's supervisors were not agents of the county commissioners in making repairs to a county bridge, and that the duty of repairing and consequently of inspecting was primarily on the township.    The construction given the section is clearly right, and nothing can profitably be added to what is said on the subject by the learned president of the Superior Court.

There was no evidence to sustain the contention that the original construction of the bridge had been defective.    The bridge was built in the manner in which bridges were commonly built at that time, by mortising the timbers.    Greater strength and durability is now secured by the use of angle blocks, but their use was then unknown.    The strength of the bridge was ample until the timbers were weakened by decay and were subjected to a severer strain by the use of traffic engines.    As there was the duty of inspection, the deterioration of the timbers should have been known to the supervisors. They had knowledge that the use of traction engines in the township had become general, and that their transportation had been for many years an ordinary use of the roads of the township.    They should have provided against dangers from this ordinary and reasonable use of the bridge.

To what extent the plaintiff was injured, and whether his physical condition at the time of the trial was the direct consequence of his injuries by the accident were questions for the jury.    They were carefully submitted in a charge that fully protected the defendant's rights.

The judgment is affirmed.