# Wasser, Appellant, *v.* Northampton County.

*Negligence—Municipalities — Counties — Highways — Embankment—Guard rails—Automobiles—Contributory negligence—Nonsuit.*

1. Where a highway runs along the edge of a precipice or dangerous embankment, it is the duty of a municipality to erect guards or barriers for the protection of the traveling public and the failure to perform this duty makes the county, or township, as the case may be, liable in damages for injuries resulting from such neglect.

2. There is no hard and fast rule as to the kind and character of a guard rail or barrier to be erected so that the highway may be deemed reasonably safe for the ordinary needs of travel. If the condition of the road meets the requirements which ordinary users

of the road demand, the authorities in charge have performed their duty under the law and cannot be made answerable in damages for extraordinary accidents occurring on them.  The ordinary needs of travel change with changed circumstances and road officials must keep in mind the new uses of travel in the construction and maintenance of highways.

3. There is no duty on the part of a municipality to erect a guard rail strong enough to prevent an automobile driven at a high speed from running over an embankment in close proximity to the highway.  The presence of a guard rail gives notice that the place where it is erected is dangerous.

4. In an action against a county to recover damages for death of plaintiff's decedent, a nonsuit was properly entered where it appeared that the plaintiff's husband and son were riding in an automobile, which while going at the rate of about twenty-five miles an hour struck a guard rail separating the highway and a steep embankment, with such force as to lift the posts out of the ground and carry the whole structure over the embankment, resulting in the death of both occupants of the car, and that the rail was properly placed and the accident did not happen by reason of any defect in the rail.

Argued March 8, 1915.  Appeals, Nos. 347 and 348, Jan. T., 1914, by plaintiff, from judgment of C. P. Northampton Co., Nov. T., 1912, Nos. 43 and 44, refusing to take off nonsuit, in case of Mary S. Wasser v. County of Northampton.  Before Brown, C. J., Mestrezat, Elkin, Stewart and Frazer, JJ.  Affirmed.

Trespass for death of plaintiff's husband and son.  Before Stewart, J.

The facts appear by the opinion of the Supreme Court.

The court entered a nonsuit, which it subsequently refused to take off.  Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Calvin F. Smith,* of *Smith, Paff & Laub,* with him *R. N. Koplin,* for appellant.

*James W. Fox,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE ELKIN, March 29, 1915:

At the trial in the court below a compulsory nonsuit was entered in the above numbered cases, and appellant now complains because the learned trial judge overruled the motion to take them off. The accident resulted by reason of an automobile, driven at a speed of from twenty to twenty-five miles per hour, running through a guard rail and over an embankment into the canal. That the guard was erected at the proper place is not denied, and the evidence amounts to a demonstration that the accident happened not by reason of any defect in the guard rail, but because the automobile was driven against it with such force as to lift the posts out of the ground and carry the whole structure over the embankment. It is contended for appellant that it was the duty of the county in this instance, as it is of townships in all cases, where the highway runs along the edge of a precipice or dangerous embankment, to erect guards or barriers for the protection of the traveling public, and that failure to perform this duty makes the county, or township, as the case may be, liable in damages for injuries resulting from such neglect. With this statement of the law no fault can be found. It was the duty of the county in the present case to erect a guard rail at the point of the accident, but this duty had been performed and the guard rail was there. There is no hard and fast rule as to the kind and character of a guard rail or barrier to be erected so that the highway may be deemed reasonably safe for the ordinary needs of travel. Public roads are intended for ordinary travel; if they meet the requirements which their ordinary uses demand, the authorities in charge of them have performed their duty under the law and cannot be made answerable in damages for extraordinary accidents occurring on them: Hey v. Philadelphia, 81 Pa. 44. Township officers are not bound to anticipate and provide against the happening of accidents under extraordinary circumstances. Proximity to a precipice or dangerous embankment requires a degree

of care not necessary under ordinary circumstances, but it is only that care which common prudence dictates, in view of an unusual danger, as necessary to reasonable safety in the ordinary use of the highway at that point: Jackson Township v. Wagner, 127 Pa. 184 (185-195). It is true of course that the ordinary needs of travel change with changed circumstances, and road officers must keep in mind the new uses of travel in the construction and maintenance of highways. In this connection it has been held that bridges must be of sufficient strength to carry traction engines when they are in common use in the community and are ordinarily propelled upon the public roads. Appellant relies very strongly on this line of cases and to sustain her contention cites Shadler v. Blair County, 136 Pa. 488; Clulow v. McClelland, 151 Pa. 583; Coulter v. Pine Township, 164 Pa. 543; Smith v. Muncy Creek Township, 206 Pa. 7. The rule of these cases must be regarded as settled law in Pennsylvania, but it has no application to the facts of the case at bar. In the present case it is not alleged that the accident resulted from any defect in the roadway proper, but the contention is that the guard rail was defective in the sense that it was not strong enough to prevent an automobile running at high speed from going over the embankment. It has never been declared to be the law in this State that a township must erect guard rails or barriers at points where the public highway runs near an embankment so strong as to stop an automobile running at the rate of twenty-five miles an hour. To do this would require the building of solid walls of masonry, the expense of which would be a very onerous burden for any township to bear in a rural community. The law does not contemplate the building of such a barrier or guard by counties, or townships, in country districts, and the proper and ordinary uses of the highways in such communities do not demand this extraordinary protection to the traveling public. We therefore agree with the learned court below that the evidence in the present case

does not disclose any negligence by the county upon which to base a recovery.

Again, the guard rail gave notice to the driver of the automobile that the place was dangerous, and with this notice before him, it was his duty to avoid that danger by driving his car upon the roadway proper, and not to take the chances of a test of strength between a rapidly speeding automobile and a lightly constructed guard rail, sufficient to guard against accidents resulting from the ordinary uses of the highway, but insufficient to stand such a test of strength. In this view of the case we are also of opinion that the driver of the car was clearly guilty of contributory negligence. We see nothing in either case calling for a reversal.

Judgments affirmed.