# Yocum, Appellant, *v.* Bloomsburg.

*Negligence—Municipalities—Bridges—Guard rail—Curve at approach to bridge—Contributory negligence—Proximate cause.*

1. While it is the duty of a municipality to use ordinary care in the construction and maintenance of highways, and to erect guard rails or barriers, where their absence would leave the highway unsafe for ordinary travel, they are not bound to erect barriers of sufficient strength to withstand the shock of a carelessly driven automobile.

2. Where the driver of an automobile approaches the end of a bridge where there is a sharp curve of the road clearly visible, and fails to make the turn and continues in a straight line crashing through the guard rails and posts, he is guilty of contributory negligence.

3. In such case, the proximate cause of the action is not the condition of the guard rail, but the driver's own negligence.

Argued April 13, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 186, Jan. T., 1927, by plaintiff, from order of C. P. Columbia Co., Feb. T., 1921, No. 82, refusing to take off nonsuit, in case of Grace Yocum v. Town of Bloomsburg. Affirmed.

Trespass for death of plaintiff's husband. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*E. J. Mullen,* with him *C. E. Kreisher,* for appellant. —The evidence was sufficient to require submission to jury of negligence of defendant in failing to erect and maintain sound and sufficient guards on side of bridge and highway: Lerch v. Bard, 153 Pa. 573; Finch v. Conrade, 154 Pa. 326; Danko v. Rys., 230 Pa. 295; Cron-

muller v. Evening Telegraph, 232 Pa. 14; Clark v. Allegheny Co., 260 Pa. 199; Plymouth Twp. v. Graver, 125 Pa. 24; Ralpho Twp. v. Moore, 68 Pa. 404; Ackley v. Twp., 32 Pa. Superior Ct. 487; Hey v. Phila., 81 Pa. 44.

*H. Mont. Smith*, with him *H. A. M'Killip* and *R. S. Hemingway*, for appellee.—Plaintiff failed to establish any negligence on part of defendant: Wasser v. Northampton Co., 249 Pa. 25; Camp v. Allegheny Co., 263 Pa. 276; Anspach v. Ry., 225 Pa. 528; Serfas v. R. R., 270 Pa. 306; Brink v. Scranton, 85 Pa. Superior Ct. 342.

OPINION BY MR. JUSTICE FRAZER, May 9, 1927:

Plaintiff sued to recover damages for the death of her husband, William C. Yocum, the result of an automobile accident, which happened when he and the owner, the driver of the machine, in which Yocum was riding as an invited guest, were about to cross a wooden bridge over a stream, popularly known in the community as the "mill race." The accident occurred on a clear November evening between eight and nine o'clock, and at a spot not unfamiliar to Frederick, who was driving. To enter upon the bridge from the road upon which they were travelling it was necessary to make a sharp turn to the left and the car, instead of making and completing this curve, touched only the corner of the end of the bridge, and, continuing ahead, broke down the guard rails and posts that were erected at that end of the structure and plunged into the stream, carrying with it both occupants, Yocum being killed by drowning and his companion injured.

The negligence charged against the municipality was failure to erect and maintain sufficient protection at the approach to the bridge and along its edges. The court below was of opinion plaintiff failed to show negligence on the part of the municipality and entered a nonsuit, which it subsequently refused to take off, and from this decree plaintiff appealed.

VOL. CCLXXXIX—33

The testimony shows that at the point where the accident occurred the public road, after extending some distance parallel with the stream and from 20 to 30 feet from it, makes a sharp turn, the angle beginning about 20 feet from the end of the bridge, which is 16 feet wide and 20 feet in length.

Along the side of the bridge was a wooden guard rail consisting of three posts, one at each end of the bridge and one in the center, two and one-half or three feet in height, on top of which was fastened a single railing from three to five inches square. At one end, where the car struck the railing, there was also a plank brace eight inches wide and two inches thick extending from the bridge rail to a tree near-by.˙ Decedent and Frederick, the driver of the car, had crossed the bridge in the afternoon of the day of the accident, at the time remarking on the sharpness of the turn and the dangerousness of the location at the point where the accident later happened. They had visited friends in Bloomsburg and on their way home about 8:30 that evening, the driver testified that as he approached the bridge he was travelling at practically twenty miles an hour, but reduced the speed of the car to between ten and fifteen miles an hour as they approached the turn at the bridge end. However, he testified further that he did not observe either the turn at the bridge end or guard rail until too late to bring the car to a stop, and his first sight of the guard rail immediately preceded the crash. His car struck the protecting rail head-on with sufficient force to break down both the rail post and extra brace attached to the post and tree and plunged into the mill race, a distance of eight feet below the flooring of the bridge. The driver of the car claimed his headlights were in good condition, but notwithstanding this fact he failed to notice the turn in the road. Other evidence submitted on behalf of plaintiff tends to show that with the headlights of a car in proper condition it would be possible to observe at a distance of one hundred and fifty feet that

the road curved sharply at the bridge end, and that even though the bridge, which was immediately around the turn, was not visible, the fact that the road suddenly curved to the bridge, was plainly noticeable to persons approaching that point.

Evidence was offered to show the guard rail on top of the posts was to some extent decayed and partly rotted. This condition was not shown to exist at the end where the car came in contact with the rail, and, moreover, we find no evidence tending to show that the brace from the tree to the post was not sound and in good condition; the testimony is that this protection was torn away by the force of the impact. Under this evidence, regardless of the condition of the rail, the proximate cause of the accident was not the defect in the guard rail, but the fact that the automobile was not operated under proper control. While it is the duty of a municipality to use ordinary care in the construction and maintenance of highways, and to erect guard rails or barriers, where their absence would leave the highway unsafe for ordinary travel, it is not an insurer against accidents (Camp v. Allegheny Co., 263 Pa. 281, 282), and not bound to erect barriers of sufficient strength to withstand the shock of a carelessly driven automobile: Wasser v. Northampton Co., 249 Pa. 25. To provide for this would, as stated in Wasser v. Northampton Co., supra, "require the building of solid walls of masonry, the expense of which would be a very onerous burden for any township, in country districts, and the proper and ordinary uses of the highways in such communities do not demand this extraordinary protection to the travelling public."

There was no defect in either the roadway or bridge and nothing inherently dangerous in the surroundings, except such as was naturally incident to the sharp turn immediately before entering upon the bridge. If the driver of an automobile over the road in question fails to make the turn at the bridge end, and continues in a

straight line, as was done in this case, his carelessness is certain to result in a serious accident, as it proved here. The municipal authorities, however, were not bound to anticipate or guard against such emergency.

Under the testimony in this case, it is apparent that, even though the guard rail had been heavier and of the best material, it would not have prevented the accident.

Plaintiff having failed to establish negligence on the part of the municipality, the nonsuit was properly entered.

The judgment of the court below is affirmed.