Ault, Appellant, *v.* Pennsylvania Railroad Company.

Argued March 17, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Earl J. Schermerhorn,* with him *Samuel C. Holland, Smith & Schermerhorn,* and *Reed, Ewing & Ray,* for appellants.

*Clyde Holt, Jr.,* with him *Clyde Holt, Sr.* and *Holt & Holt,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 18, 1955:

This is a death and survival action for damages arising out of the death of Clarence B. Ault. The court entered a compulsory nonsuit which it refused to take off, and this appeal followed.

On the 26th day of May, 1952, between 2:00 and 3:00 o'clock P.M., the Ford sedan of Clarence B. Ault and

the bodies of himself and his wife were found on the tracks of the Pennsylvania Railroad beneath what is known as the Summit Cut Bridge, which bridge is about 73 feet above the tracks and spans the tracks at approximately right angles. The bridge was constructed and maintained by the Pennsylvania Railroad to carry traffic from the highways at the northern and southern approaches to the bridge. The bridge is of wooden construction, 110 feet long, and has a cartway of 14 feet.

On the east and west sides of the cartway are curb logs 6″ wide and 4″ high, raised on sleepers 2½″ from the floor. Two wooden midrails 2″ x 6″ are fastened to vertical posts, the tops of which are 18½″ and 26½″ respectively from the floor of -the bridge. A wooden top rail 6″ x 6″ is fastened to upright posts. The upright posts were 5 feet apart, and were bolted to the floor beams of the bridge by two three-quarter inch bolts.

At approximately 1:00 o'clock P.M. on the day of the accident, the decedent and his wife left the home of his father to go to their home, a distance of about 8 miles. To reach the bridge, about 6½ miles distant, he would travel over a state highway to the north end of the bridge and then would turn at a 90° angle to cross the bridge.

Quite apparently the car left the bridge on the right hand side at the fourth post of the guardrail, between 15 and 20 feet from the entrance of the bridge and on the west side thereof. Eight vertical posts and all the guardrails were torn out, leaving a hole about 30 feet in width. Thus, from the time decedent started to make his right hand turn to enter the bridge, he had to make a complete semicircle in order to crash through the west side of the bridge. The bridge runs north and south. When he entered the bridge he was travelling east. When he went through the guardrail of the

bridge at a point 15 or 20 feet from the entrance of the bridge he was going west.

The cartway of the bridge was dry and the bridge was posted at its approaches with a highway sign limiting the speed to eight miles per hour.

The above facts were all that the plaintiffs showed in their case. The breaking of the guardrail was not the proximate cause,—the substantial factor of harm,—of the accident. See *McCracken v. Curwensville Borough*, 309 Pa. 98, 163 A. 217. Under this evidence, regardless of the condition of the rail, the proximate cause of the accident was not any defect in the guardrail, but the fact that the automobile was not operated under proper control. There is no requirement to build guardrails so that they can withstand shock or blow of an automobile carelessly driven: *Yocum v. Bloomsburg*, 289 Pa. 512, 137 A. 668. The defendant was not an insurer against accidents. The plaintiffs failed to describe, picture or visualize what actually happened, sufficiently to enable the jury reasonably to conclude that the defendant was guilty of negligence, and that its negligence was the proximate cause of the accident. See *Finnin v. Neubert*, 378 Pa. 40, 105 A. 2d 77. Where circumstantial evidence is used to make out the case, it must provide as the only reasonable inference the conclusion that the accident was caused by the negligence of the defendant: *Finnin v. Neubert*, supra. Therefore the plaintiff did not show negligence on the part of the defendant, as the presumption of care on the part of the deceased would not furnish proof of its negligence. Even if there was negligence in the insecure construction of the guardrail, it was not shown that such negligence was the substantial factor of harm. Therefore there can be no recovery in this case: *Anderson v. Reading Co.*, 306 Pa. 246, 159 A. 450.

Judgments affirmed.