496 A.2d 1220

Roseann MERRITT, a minor, By her guardian, the SOUTH-EAST NATIONAL BANK, and Roscoe Merritt, Deceased, by his Administrators, John D. Delcollo and Sheila W. Merritt, Deceased, by her Administrator, John H. Clark, Jr., Appellants,

v.

CITY OF CHESTER and Estate of Roscoe Merritt, Appellees.

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed Aug. 9, 1985.

Avram Adler, Philadelphia, for appellants.

John J. Fonash, III, Philadelphia, for appellees.

Before WIEAND, WATKINS and GEISZ,* JJ.

WIEAND, Judge:

On the evening of January 1, 1979, Roscoe Merritt drove his automobile from a parking lot on Seventh Street in the City of Chester. He did not turn right or left but continued directly across Seventh Street. When he had reached the opposite side of the street, he mounted a two to four inch curb, crossed the sidewalk, mounted a six to eight inch high retaining wall, knocked down a cyclone fence, and plunged into the Chester Creek. Merritt and his wife, who had been a passenger, were drowned. His infant daughter, also a passenger, allegedly sustained injuries to her nervous system in the nature of emotional distress but otherwise survived without physical injury. An action to recover damages as a result of Merritt's death was commenced against the City of Chester by the administrator of his estate. Actions on behalf of the estate of the deceased wife and on behalf of the surviving daughter were commenced against the City of Chester and also against the Estate of Roscoe Merritt, deceased. The trial court granted summary judgment in favor of the City of Chester. All claimants appealed. We affirm.

■ Summary judgment may be entered when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 231, 464 A.2d 1313, 1316 (1983), quoting *Acker v. Palena*, 260 Pa.Su-

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

per. 214, 218–219, 393 A.2d 1230, 1232 (1978), quoting *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 458, 341 A.2d 174, 177 (1975).

■ In order to hold a defendant liable for injuries sustained by a plaintiff, it must be shown that the defendant breached a duty of obligation recognized by the law, which required him to conform to a certain standard of conduct for the protection of persons such as the plaintiff. *Macina v. McAdams*, 280 Pa.Super. 115, 120, 421 A.2d 432, 434 (1980). Accord: *Leoni v. Reinhard*, 327 Pa. 391, 393, 194 A. 490, 491 (1937). "Each person has a primary duty to exercise care lest his action result in injuries to others." 27 P.L.E. Negligence § 2. However, the law does not impose upon persons generally a duty to act to save others from harm; only in certain specific situations is there an affirmative duty to act. *Zayc v. John Hancock Mutual Life Ins. Co.*, 338 Pa. 426, 432–433, 13 A.2d 34, 37–38 (1940). "When injury is suffered by one not within the scope of a duty ... such person has no right to recover, because there has been no breach of duty with regard to him.... Liability ... depends on antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent person as the natural and probable outcome of the act complained of; the law does not require the parties to go beyond this in their relations with each other." *Venzel v. Valley Camp Coal Co.*, 304 Pa. 583, 589–590, 156 A. 240, 242 (1931).

■ The trial court determined that as a matter of law the City of Chester did not have a duty to construct and maintain a cyclone fence of sufficient strength and durability to withstand impact by a vehicle moving directly at and into the fence at a rate of speed in excess of 25 mph. Its holding is supported by the decided cases. The City of Chester was obligated to maintain its streets so that they

were reasonably safe. They will be deemed safe if they may be negotiated safely by all but the very reckless. However, there was no obligation on the City to construct and maintain its streets in a manner that would insure the safety of all drivers. It was not required to erect and maintain a cyclone fence on Seventh Street that was able to withstand impact with a rapidly moving vehicle that was out of control or which was recklessly or intentionally driven directly into it. *Ault v. Pennsylvania Railroad Co.*, 381 Pa. 496, 113 A.2d 150 (1955); *Yocum v. Town of Bloomsburg*, 289 Pa. 512. 137 A. 668 (1927); *Wasser v. Northampton County*, 249 Pa. 25, 94 A. 444 (1915). "Public roads are intended for ordinary travel; if they meet the requirements which their ordinary uses demand, the authorities in charge of them have performed their duty under the law and cannot be made answerable in damages for extraordinary accidents occurring on them." *Wasser v. Northampton County, supra*, 249 Pa. at 27, 94 A. at 445. See also: *Martin v. State Department of Highways*, 175 So.2d 441 (La.Ct.App.1965), *cert. denied*, 248 La. 359, 178 So.2d 653 (1965); *Smith v. Sharp*, 82 Idaho 420, 354 P.2d 172 (1960); *Swain v. City of Nashville*, 170 Tenn. 99, 92 S.W.2d 405 (1936); *Watkins' Adm'r. v. City of Catlettsburg*, 243 Ky. 197, 47 S.W.2d 1032 (1932); *Gerrie v. City of Port Huron*, 226 Mich. 630, 198 N.W. 236 (1924); *Davison v. Snohomish County*, 149 Wash. 109, 270 P. 422 (1928).

This is a rule of foreseeability; it is applicable to determine the scope of the legal duty owed by a defendant, in this case a municipality. The validity of the rule has not been impaired by the more recent enactment of the Pennsylvania Comparative Negligence Law. 42 Pa.C.S. § 7102. Although there is contrary dictum in *Thompson v. City of Philadelphia*, 320 Pa.Super. 124, 466 A.2d 1349 (1983), that decision was reversed by the Supreme Court. See: *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985). The facts in *Thompson*, moreover, were vastly different and readily distinguishable from the facts in the

present case. In *Thompson*, a tractor-trailer, while the driver was attempting to extricate himself from a perilous situation caused by confusing and misleading traffic control signs, broke through the guardrail of an overpass and fell upon and killed a motorist on the roadway below. A jury found that inadequately constructed guardrails had been part of the dangerous condition created by the City of Philadelphia in violation of the duty which it owed to all members of the travelling public.[1]

██ The instant case was not one in which a driver, while attempting to extricate himself from a perilous situation created by the City of Chester, inadvertently permitted his vehicle to get too close to the cyclone fence on Seventh Street. It was not a situation in which a vehicle veered from the travelled portion of a highway and sideswiped or collided with a guardrail. The deceased driver in this case had operated his vehicle directly across a well lighted city street, had driven over the curb and across the sidewalk, had mounted a low retaining wall and had crashed directly and forcefully into a cyclone fence at a speed of at least 25 miles per hour. This was so extraordinary as to be legally unforeseeable and outside the scope of the duty owed by the City. The City of Chester was not required to construct and maintain a fence that would withstand a forceful impact of this type. It was not required to maintain a fence which could not be knocked down under any circumstances. It was not required to insure that the Merritt vehicle, driven as it was, could not breach the limited safeguard which the fence provided. The City of Chester was obligated merely to maintain its streets so that they were reasonably safe for normal use.

The Order is affirmed.

1. The trial court determined that the jury's verdict was contrary to the weight of the evidence and awarded a new trial. A panel of the Superior Court reversed. The Supreme Court disagreed with the Superior Court and reinstated the trial court's order awarding a new trial.