524 A.2d 1066

Patricia A. Campbell, Administratrix of the Estate of Michael Lee Campbell, Deceased, and Patricia A. Campbell, in her own right, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation and City of Chester and Donna E. Wood, and Estate of Kevin Michael Judge, by Thomas Judge, Administrator, Appellees.

Argued February 26, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Avram G. Adler,* for appellant.

*Nicholas S. Lippincott,* with him, *Peter A. Dunn, Dunn, Haase, Sullivan, Mallon & Cherner,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, April 28, 1987:

Patricia A. Campbell, Administratrix of the Estate of Michael Lee Campbell, deceased, appeals from an order of the Court of Common Pleas of Delaware County granting summary judgment to the City of Chester (City). The common pleas court found the city had no duty or responsibility regarding the maintenance of Interstate Route 95 (I-95), where the accident at issue occurred, and that the City was immune under the doctrine of governmental immunity, as codified at 42 Pa. C. S. §§8541-8542. We affirm.

On February 25, 1982, the decedent and a companion were attempting to cross a stretch of I-95 in the City when they were struck and killed by one or more automobiles. There is no pedestrian crossing on I-95 as it is a high-speed, limited access highway. The decedent was a trespasser on the highway at the time he was struck and killed. On February 8, 1984, the administratrix filed a complaint against the Commonwealth and the City alleging, among other things, that the City was negligent in failing to provide safe and adequate pedestrian crossways. The common pleas court granted the City summary judgment in its favor and the administratrix appealed.

In this appeal, the administratrix contends the common pleas court erred in finding (1) that the City was immune under governmental immunity, and (2) that the City owed no duty to maintain a safe ingress and egress over a state highway. We shall discuss these issues *seriatim*. We are also mindful that we are reviewing a grant of summary judgment.

The governing principle is that the trial court may grant a motion for summary judgment only in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material facts and that the moving party is entitled to judgment as a matter of law." Pa. R.C.P. No. 1035(b). Additionally, the trial court must determine whether a genuine dispute as to a material fact exists after an examination of the record in a light most favorable to the non-moving party. *McCloskey v. Abington School District,* 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986).

In her complaint, the administratrix sought to come within the "streets" exception of 42 Pa. C. S. §8542(b)(6)(i) to governmental immunity by alleging the City had permitted its Fourteenth Street underpass to become hazardous to the extent that travelers, like the decedent, would risk crossing I-95 on foot rather than use the unsafe underpass. The streets exception to governmental immunity imposes liability on a local agency with respect to:

(6) *Streets.*—

(1) A dangerous condition of streets *owned by the local agency,* except that the claimant to recover must establish that the *dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred* and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. (Emphasis added.)

The common pleas judge, addressing the streets exception with respect to the City, concluded it was inapplicable because I-95 is not owned or maintained by the City and the City is not responsible for controlling ingress and egress from I-95.

We agree with the common pleas court that the administratrix's complaint does not fall within the

streets exception to governmental immunity. There is no question that the City has no responsibility or duty to maintain I-95 or the associated right-of-way, including the fences erected by the Commonwealth to impede and restrict pedestrian access to the highway. *Swank v. Bensalem Township,* 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982). That duty rests squarely upon the Commonwealth. *Id.* Therefore, the City cannot be held liable for an injury allegedly due to the condition of a state highway or its right-of-way under the streets exception to governmental immunity. Likewise, the City was under no obligation to erect obstructions or warning signs as a result of the alleged disrepair of the Commonwealth's right-of-way fence abutting I-95. *Mindala v. American Motors Corporation,* 90 Pa. Commonwealth Ct. 366, 495 A.2d 644 (1985) (local government has no duty to warn or take precautionary measures as a result of a missing stop sign on a state highway).

We are likewise convinced that the allegedly poor condition of the City's Fourteenth Street underpass does not fall within the streets exception. First, we note that the fatal accident did not occur on or by a city street. It occurred on an Interstate highway. To hold that the allegedly poor maintenance of a City underpass which prompted the decedent to travel across a heavily-traveled Interstate highway exposes the City to liability is an unduly broad reading of the streets exception. We have previously held that the exceptions to governmental immunity set forth in 42 Pa. C. S. §8542(b)(6) are to be narrowly interpreted. *City of Philadelphia v. Love,* 98 Pa. Commonwealth Ct. 138, 509 A.2d 1388 (1986). Under the streets exception, the conditions of the City-owned streets must not only be dangerous, but the type of injury caused by that dangerous condition must be reasonably foreseeable. The circumstances presented

here are much too remote from the allegedly poor condition of the Fourteenth Street underpass to fall within that definition.

The administratrix concedes that the Fourteenth Street underpass was not the only way in which the decedent could have traversed I-95. There was a safe alternative route in the form of an overpass located a mere four blocks from the Fourteenth Street underpass. The administratrix does not allege that the overpass was either dangerous or poorly maintained, only that it was "inconvenient" for the decedent to have invested the time and effort to use it. Brief for Appellant at 6-7. The Superior Court has held that a city fulfills its duty to provide reasonably safe streets when they may be negotiated by all but the very reckless. *Merritt by Southeast National Bank v. City of Chester*, 344 Pa. Superior Ct. 505, 496 A.2d 1220 (1985). It is evident that the decedent's death was caused by the route he chose for his own convenience and not by the City's failure to maintain reasonably safe streets. The inconveniences resulting from modern thruway construction are common and accepted as a part of modern living and they are not created by the local municipalities through which they pass. The decedent had a choice of two means of safely traversing I-95 and chose to utilize neither. The City could not reasonably foresee that a traveler would chose to risk the perils of a heavily-traveled Interstate highway rather than walk four to eight blocks out of his way in order to cross from one side to the other. The City had no responsibility with regard to the route selected by the decedent and should not be required to defend against the administratrix's claim for his death thereby. Thus viewed, the facts alleged by the administratrix do not fall within the limited scope of the streets exception to governmental immunity and the common pleas court correctly so held.

We therefore affirm the grant of summary judgment in favor of the City.

## ORDER

NOW, April 28, 1987, the Order of the Court of Common Pleas of Delaware County at Docket No. 84-1549, dated March 22, 1985, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRAIG:

This court should not undertake the resolution of factual issues, relating to the governmental immunity law, which are exclusively within a jury's province.

In this case, the administratrix's affidavit, submitted as to the summary judgment motion, avers that the city was negligent in its maintenance of the nearest underpass and overpass subject to the city's jurisdiction, relating to I-95, so that those alternative routes were dangerous and repellent. Here, the question of whether the condition of the alternative city routes was dangerous and such as to create a "reasonably foreseeable risk of the kind of injury which was incurred" is a matter for a factfinder rather than one which can be decided as a matter of law by the court on a motion for summary judgment. Because the condition of the city's underpass or overpass could have created a reasonably foreseeable risk that travelers would travel across the Commonwealth's highway on foot rather than using either of the city's routes, the situation in this case gives rise to a question of fact as to whether the streets exception to immunity is applicable.

When this court, without a trial, decides that the "decedent had a choice of two means of safely traversing I-95," the court is acting as a jury without entitlement to do so.