## Flory v. Powers

428

C.P. of Delaware County, no. 92-12245.

*Aloysius J. Staud,* for plaintiff.
*Danette Dean,* for defendants Patricia Powers, Michael Pugh and Mary Pugh.
*John P. Capuzzi,* for defendant PennDOT.
*David P. Brigham,* for defendant Strouse Greenberg and Co. t/a MacDade Mall.

BATTLE, *J.,* April 25, 1995—Plaintiff, Brian Flory, a minor at the time of this accident, by his parents and natural guardians, initiated suit against the Township of Ridley et. al., defendants, over injuries he sustained in a bicycling accident on March 25, 1991. The Township of Ridley joined the Commonwealth of Pennsylvania. Mr. Flory was "bunny hopping" over a curb on his bicycle at or near the intersection of MacDade Boulevard and Glenside Avenue, Ridley Township,

Pennsylvania. Mr. Flory failed to clear the curb and fell into the road where he was struck by a vehicle and injured. The Township of Ridley was previously granted summary judgment.

The Commonwealth has filed a motion for summary judgment thus necessitating this opinion.

The standard for granting summary judgment is set forth at Pa.R.C.P. 1035(b). The "judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as matter of law."

Defendant, Commonwealth of Pennsylvania, avers that it is immune from suit under 42 Pa.C.S. §8501 et seq. Under the Act, a municipal corporation can only be liable under one of the nine exceptions to immunity. See 42 Pa.C.S. §8522(b). The two relevant subsections are (4) Commonwealth real estate, highways and sidewalks and (5) potholes and other dangerous conditions.

Regarding alleged defects in the sidewalk, there can be no finding of such, given the plaintiffs' admission that there was no defect in the sidewalk. This admission was contained in plaintiffs' response to interrogatories and plaintiffs' response to request for admissions.

Regarding the potholes and other dangerous conditions exception, the court must first determine if the Commonwealth had ownership or leasehold interest in the real property located at the accident scene. The Commonwealth argues that the accident occurred on Glenside Avenue, which they aver is not a state highway. The Commonwealth further argues that even if the real estate involved was Commonwealth property, it is still not liable under *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). In *Mascaro,* our Supreme

Court held that a local agency is amenable to suit for acts "of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used." *Mascaro,* 514 Pa. at 362, 523 A.2d at 1124. In this case, it is clear that the plaintiff's "bunny hopping" over the curb is not a reasonably foreseeable activity. Thus, plaintiff has failed to state a claim which fits under the real property exception.

Even if the claim did fit under the real property exception there appears to be no breach of duty by the Commonwealth. Our Superior Court held that roads "will be deemed safe if they may be negotiated safely by all but the very reckless. However, there was no obligation on the city to construct and maintain its streets in a manner that would insure the safety of all drivers." *Merritt v. City of Chester,* 344 Pa. Super. 505, 509, 496 A.2d 1220, 1221 (1985). Instantly, there is no evidence that the streets could not be negotiated safely by all but the very reckless, thus there is no breach of duty.

At oral argument the plaintiffs argued that the Commonwealth had an affirmative duty to install a curb cut at the scene of the accident. Plaintiffs cite a variety of theories including the Americans with Disabilities Act. See 42 U.S.C. §12101. Section 12102(2) provides:

"The term 'disability' means, with respect to an individual—

"(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

"(b) a record of such impairment; or

"(c) being regarded as having such an impairment." 42 U.S.C. §12102(2).

Here there is nothing on the record to show that Flory was disabled as defined in the Act at the time of the accident. Thus, he has no standing to contest any alleged violations of the Americans with Disabilities Act.

For the aforementioned reasons the Commonwealth's motion for summary judgment must be granted.

## ORDER

And now, April 25, 1995, it is hereby ordered and decreed that the motion for summary judgment of defendant, Commonwealth of Pennsylvania is granted and all claims and cross-claims against the Commonwealth of Pennsylvania are dismissed with prejudice.