# Brough v. Township of Center

C.P. of Butler County, no. 97-10301.

*Richard P. Giardi,* for plaintiffs.
*Lee A. Montgomery,* for defendant Township of Center.
*Daniel C. Lawson,* for defendant Weist Asphalt Products and Paving Inc.
*J. Elise Tourek,* for defendant PennDOT.
*Michael D. Hnath,* for defendant Olsen Engineering & Associates Inc.

HANCHER, *J.,* June 28, 2002—The above captioned matter comes before this court on defendant Center Township's motion for partial summary judgment. For the reasons set forth below, the motion is denied as to subparagraphs (h)-(k) as enumerated in paragraph 28 of the plaintiffs' amended complaint. However, the motion is granted as to subparagraphs (c), (d), (e) and (m) as enumerated in paragraph 28 of the plaintiffs' amended complaint.

I. FACTS AND PROCEDURAL HISTORY

This action involves a one-vehicle accident that occurred on Lions Road in Center Township, Butler County, Pennsylvania on July 18, 1996. The plaintiff-husband, John Brough Jr., suffered serious personal injuries, including the amputation of his left arm, from this accident.

Initially, plaintiff John Brough filed suit against Center Township, Weist Asphalt Products and Paving Inc., and PennDOT. After the initial pleadings and discovery were completed, the plaintiffs were granted leave of court to join Olsen Engineering and Associates Inc.

This court granted defendant PennDOT's motion for summary judgment thereby dismissing PennDOT from the instant case.

## II. STANDARD OF REVIEW

In reviewing defendant Center Township's motion, the court is guided by the well-settled principle that summary judgment should only be granted in a case that is clear and free from doubt. *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995). Additionally, summary judgment may be granted when pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material facts. *Coleman v. Coleman,* 444 Pa. Super. 196, 663 A.2d 741 (1995).

Finally, in ruling on a motion for summary judgment, the court must examine the record in a light most favorable to the non-moving party by accepting as true all well-pleaded facts in its pleadings, and giving that party the benefit of all reasonable inferences to be drawn therefrom. *Kelly by Kelly v. Ickes,* 427 Pa. Super. 542, 629 A.2d 1002 (1993).

## III. MERITS OF THE ARGUMENT

The issue before this court is whether the allegations of negligence as set forth in plaintiffs' amended complaint constitutes dangerous conditions of streets thereby

falling within the streets exception to governmental immunity or the real property exception to governmental immunity. The specific allegations of negligence set forth in paragraph 28 of the plaintiffs' amended complaint include:

"(c) failing to erect any barrier, railing, guard, or other similar devices for the protection of motorists from the dangerous condition;

"(d) failing to post warning signs in proper locations and at appropriate heights on Lions Road;

"(e) failing to post warning signs in the immediate area notifying motorists of the dangerous condition;

"(h) failing to design and construct a proper shoulder along the edge of Lions Road;

"(i) failing to construct and maintain a proper drainage system that would reduce and/or eliminate excess water from accumulating on the road surface;

"(j) negligently and recklessly constructing an asphalt wedge curb on the side of the roadway which caused water to accumulate on the surface of the road making the road surface extremely slippery, hazardous and unsafe for ordinary travel;

"(k) negligently constructing an asphalt wedge curb on the side of the roadway with a drop-off behind which caused vehicles to hang up on the top of the curb and lose control; and

"(m) failing to stripe Lions Road with double yellow centerlines and single white edge lines." (Pl's. am. compl., para. 28.)

The plaintiffs concede that subparagraphs (c), (d), (e) and (m) of paragraph 28 of the plaintiffs' amended complaint do not fall within any of the exceptions to governmental immunity. (Pl's. br. in opp'n to def. Center Township's mot. for partial summ. j., pp. 7-8.) Therefore, this court will consider subparagraphs (h)-(k) of the plaintiffs' amended complaint only when determining whether the streets exception or real property exception to governmental immunity applies in the present case.

Defendant Center Township moves for partial summary judgment arguing that the allegations of negligence set forth in subparagraphs (h)-(k) are not dangerous conditions of streets; therefore, they do not fall within the streets exception to governmental immunity. The plaintiffs, on the other hand, maintain that subparagraphs (h)-(k) are dangerous conditions of streets and fall within the streets exception to governmental immunity. In the alternative, the plaintiffs argue that any alleged defect not considered part of Lions Road for purposes of applying the streets exception would by definition fall under the "care, custody and control of real property" exception to governmental immunity. Because this court finds that the street exception to governmental immunity is controlling in this case, the real property exception, by definition, cannot apply. Therefore, this court will discuss solely the street exception to governmental immunity as outlined in our opinion below.

## A. *Political Subdivision Tort Claims Act*

Section 8541 of the Political Subdivision Tort Claims Act states that, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541. Section 8542 of the PSTCA lists the exceptions to the general rule of governmental immunity. 42 Pa.C.S. §8542.

In order for a local agency to be liable for damages on account of an injury to a person or property, two conditions must be satisfied: (1) the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense of governmental or official immunity; and (2) the injury must be caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). 42 Pa.C.S. §8542(a)(1), (2). Among the categories listed in subsection (b) is the streets exception to governmental immunity. 42 Pa.C.S. §8542(b)(3), (6).

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(6) *Streets.*—

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred

and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542 (b)(6)(i). The eight exceptions to governmental immunity must be construed strictly and narrowly. *Tyree v. City of Pittsburgh,* 669 A.2d 487 (Pa. Commw. 1995).

This court finds that, for the purposes of this argument, the two conditions as set forth in sections 8542(a)(1) and 8542(a)(2) have been satisfied. First, the damages sought in this case are recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense of governmental or official immunity. Second, a genuine issue of material fact exists as to whether the injury in this case was caused by the alleged negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b), in particular, the streets exception. Sufficient evidence exists in which a jury may find that the injury in this case was caused by the negligent acts of Center Township or an employee of Center Township acting within the scope of his office or duties with respect to the streets exception.

## B. *Streets Exception*

In the present case, this court finds that the streets exception to governmental immunity is applicable to subparagraphs (h)-(k). The PSTCA does not define the term "street," see 42 Pa.C.S. §8501, and this court was hard-

pressed to find case law that specifically defines the term "street" as it applies to the PSTCA. Therefore, because neither the statute nor case law interpreting the same defines the term "street," this court must use the plain and ordinary meaning of the term "street." *Commonwealth v. Ortiz,* 802 A.2d 617, 619 (Pa. Super. 2002), citing *Heard v. Heard,* 418 Pa. Super. 250, 614 A.2d 255 (1992) (citing 1 Pa.C.S. §1903(a)). Webster's Dictionary defines the term "street" as "a public thoroughfare esp. in a city, town, or village including all area within the right of way (as sidewalks and tree belts) . . . ." Webster's Third New International Dictionary of the English Language Unabridged 2259 (1993). Because a shoulder, curb and drainage system are ordinarily a part of the "area within the right of way," this court finds that the shoulder, curb and drainage system along the side of the roadway are part of the "street" for the purpose of applying the streets exception.

In order to impose liability pursuant to the streets exception,

"[T]he claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(i).

"Under the streets exception [to governmental immunity,] conditions of city-owned streets must not only be dangerous, but the type of injury caused by that danger-

ous condition must be reasonably foreseeable." *Campbell v. PennDOT,* 105 Pa. Commw. 494, 498, 524 A.2d 1066, 1068 (1987). In addition, "the dangerous condition . . . must arise from the real estate, street, or sidewalk rather than from something that has fallen onto the real estate, street, or sidewalk." *Osborne v. Cambridge Township,* 736 A.2d 715, 724 (Pa. Commw. 1999).

After finding that the streets exception to governmental immunity applies in this case, this court now will address whether a genuine issue of material fact exists for the fact-finder in determining: (1) whether a dangerous condition was present; (2) whether the type of injury caused by that dangerous condition was reasonably foreseeable; and (3) whether the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. The plaintiffs contend that there is sufficient evidence for the plaintiffs to proceed to trial on the issue of whether Center Township was negligent in its design, construction, or maintenance of Lions Road, with specific regard to the raised asphalt curbing, the lack of adequate drainage, and the shoulder. We agree.

In support of their position that a dangerous condition existed, the plaintiffs rely on deposition testimony by a representative of Wooster Engineering revealing that this asphalt curbing "was a dangerous condition." (Olsen depo., p. 30, ll. 16-19.) In addition, a Center Township engineer recognized that Wooster Engineering found the asphalt curbing to be a dangerous condition on Lions

Road. On the other hand, defendant Center Township argues that the allegations of negligence set forth in subparagraphs (h)-(k) are not dangerous condition of streets. The question of whether a dangerous condition exists on the roadway is for the jury. *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000).

In support of their position that the type of injury caused by the dangerous condition was reasonably foreseeable, the plaintiffs provided evidence of 26 auto accidents on Lions Road at the same location where plaintiff John Brough's accident occurred. To the contrary, defendant Center Township claims that the shoulder on the edge of a roadway, a drainage system, and an asphalt wedge curb on the side of the roadway were not intended to be driven upon in lieu of driving on the roadway surface. Therefore, this type of injury was not foreseeable. In fact, Center Township asserts that the presence of these items may have served to minimize plaintiff John Brough's injuries. Furthermore, defendant Center Township argues that a substantial factor in causing plaintiff John Brough's accident was the negligence of the plaintiff himself. Questions of foreseeability are for the jury. *Wyke v. Ward,* 81 Pa. Commw. 392, 474 A.2d 375 (1984).

Finally, in support of their position that Center Township had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to plaintiff John Brough's accident to have taken measures to protect against the dangerous condition, the plaintiffs rely on evidence of 26 prior auto accidents on Lions Road at the same location where plaintiff John Brough's accident occurred.

Because reasonable minds could differ as to whether a dangerous condition existed, whether the type of injury caused by the dangerous condition was reasonably foreseeable, and whether Center Township had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to plaintiff John Brough's accident to have taken measures to protect against the dangerous condition, defendant Center Township's motion for partial summary judgment as to subparagraphs (h)-(k) of the plaintiffs' amended complaint must be denied.

Accordingly, we enter the following:

## ORDER

And now, June 28, 2002, in accordance with the foregoing memorandum opinion, it is hereby ordered, adjudged, and decreed that defendant Center Township's motion for partial summary judgment as to subparagraphs (h)-(k) of the plaintiffs' amended complaint is denied because a genuine issue of material fact exists as to whether a dangerous condition existed, whether the type of injury caused by that dangerous condition was reasonably foreseeable, and whether the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. However, defendant Center Township's motion for partial summary judgment as to subparagraphs (c), (d), (e) and (m) of the plaintiffs' amended complaint is granted.